IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIE TATUM,

    Petitioner,

    v.

R. GROUNDS, Warden,

    Respondent.

_____/

No. C-10-4419 TEH (PR)

ORDER TO SHOW CAUSE

    Petitioner, a California state prisoner incarcerated at the Correctional Training Facility in Soledad, California, has filed a pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging the decision of the California Board of Parole Hearings ("BPH") to deny him parole at his June 5, 2009 parole suitability hearing. Doc. #1-1 at 8. Petitioner has paid the filing fee.

I

    According to the Petition and the attachments thereto, Petitioner pled guilty in 1982 in Los Angeles County Superior Court to two counts of kidnapping for robbery and was sentenced to a term

of seven years-to-life in state prison. Doc. #1-1 at 2. His minimum eligible parole date was February 28, 1982. Id. at 2. Petitioner filed a pro se petition for writ of habeas corpus challenging BPH's decision to deny him parole in the Los Angeles Superior Court, which the court denied on April 27, 2010. Doc. #1-1 at 4. Petitioner subsequently filed a petition in the California Court of Appeal, which the court denied on July 29, 2010. Doc. #1-4 at 60–61. The California Supreme Court denied a petition for review filed there on September 1, 2010. Id. at 62–63. The instant federal petition followed.

II

Petitioner seeks federal habeas corpus relief due to BPH's failure to grant him parole at his June 5, 2009 parole suitability hearing on the ground that the decision is not supported by some evidence demonstrating his future dangerousness and that he poses a current threat to public safety. Liberally construed, Petitioner's claim appears colorable under the law and merits an Answer from Respondent.

III

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this Order and the Petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this Order on Petitioner.

2

2. Respondent shall file with the Court and serve on Petitioner, within sixty (60) days of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within thirty (30) days of his receipt of the Answer.

3. In lieu of an Answer, Respondent may file a Motion to Dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an Opposition or Statement of Non-Opposition within thirty (30) days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a Reply within fifteen (15) days of receipt of any Opposition.

//
//
//
//
//
//
//
//

3

        4.      Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner also must keep the Court and all parties informed of any change of address.

        IT IS SO ORDERED.

DATED    10/25/10

**THELTON E. HENDERSON**
**United States District Judge**

G:\PRO-SE\TEH\HC.10\Tatum-10-4419-osc-bph-post-hayward.wpd

**4**