1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  WILLIE TATUM,                      No. C-10-844 TEH (PR)

12              Petitioner,            No. C-10-4419 TEH (PR)

13        v.                           ORDER DENYING PETITIONS FOR
                                       WRIT OF HABEAS CORPUS; DENYING
14  RANDY GROUNDS, Warden,             CERTIFICATES OF APPEALABILITY

15              Respondent.

16  _____/

17

18        Petitioner filed two pro se petitions for writ of habeas

19  corpus pursuant to 28 U.S.C. § 2254 in which he claimed that two

20  separate decisions by the Board of Parole Hearings finding him not

21  suitable for parole in 2008 and 2009 violated his right to due

22  process because they were not supported by sufficient evidence.

23  See Tatum v. Grounds, No. 10-844-TEH (PR) (N. D. Cal. filed Feb. 26,

24  2010); Tatum v. Grounds, No. 10-4419-TEH (PR) (N. D. Cal. filed

25  Sept. 30, 2010).  Both matters have been briefed fully and stand

26  submitted, ready for decision.

27        The United States Supreme Court recently made clear that

28  in the context of a federal habeas challenge to the denial of

1  parole, a prisoner subject to a parole statute similar to

2  California's receives adequate process when BPH allows him an

3  opportunity to be heard and provides him with a statement of the

4  reasons why parole was denied.  <u>Swarthout v. Cooke</u>, 131 S.Ct. 859,

5  862-63 (2011) (per curiam). Here, the record in both actions shows

6  Petitioner received at least this amount of process.  The

7  Constitution does not require more.  <u>Swarthout</u>, 131 S.Ct at 862.

8       The Court also made clear that whether BPH's decision was

9  supported by some evidence of current dangerousness is irrelevant in

10  federal habeas:  "it is no federal concern . . . whether

11  California's 'some evidence' rule of judicial review (a procedure

12  beyond what the Constitution demands) was correctly applied."

13  <u>Swarthout</u>, 131 S.Ct at 863.  Accordingly, the instant federal

14  petitions for writ of habeas corpus are DENIED.

15       Further, as to both actions, Certificates of Appealability

16  are DENIED.  <u>See</u> Rule 11(a) of the Rules Governing Section 2254

17  Cases.  Petitioner has not made "a substantial showing of the denial

18  of a constitutional right."  28 U.S.C. § 2253(c)(2).  Nor has

19  Petitioner demonstrated that "reasonable jurists would find the

20  district court's assessment of the constitutional claims debatable

21  or wrong."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  Petitioner

22  may not appeal the denial of a Certificate of Appealability in this

23  Court but may seek a certificate from the Court of Appeals under

24  Rule 22 of the Federal Rules of Appellate Procedure.  <u>See</u> Rule 11(a)

25  of the Rules Governing Section 2254 Cases.

26  //

27  //

28

1        The Clerk shall terminate any pending motions as moot,

2   enter judgment in favor of Respondent and close the files.

3

4        IT IS SO ORDERED.

5

6   DATED       _03/04/2011_

7                                     THELTON E. HENDERSON
                                      United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   G:\PRO-SE\TEH\HC.10\Tatum-10-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-bph-deny-post cooke.wpd

28                              3

**United States District Court**
For the Northern District of California